UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL O. LOPEZ-CAPO, | |
| Petitioner. | Civil No. 13-1150 (JAF) |
| v. | (Criminal No. 09-116-05) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER**

Angel López-Capó moves to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 1.) He claims that he received ineffective assistance of counsel and that this court applied the wrong sentencing guidelines during the penalty phase of his trial. (Id.) Neither argument is well-founded; his motion is dismissed.

**I.**

**Background**

On November 30, 2009, a jury found López-Capó guilty on one count of conspiracy to distribute narcotics and one count of possession with intent to distribute narcotics as a result of his participation in a drug point he operated in a public housing project in Guayama, Puerto Rico. This court sentenced López-Capó to 360 months on each count, to be served concurrently. (Cr. Docket No. 1478.) López-Capó appealed, arguing that we erred in applying several sentencing enhancements. The First Circuit denied all of Petitioner's claims on appeal and affirmed his conviction. United States v. Diaz, 670 F.3d 332 (1st Cir. 2012). On March 1, 2012, López-Capó filed a Motion for the Application of

Civil No. 13-1150 (JAF) -2-

the Fair Sentencing Act and Request for Reduction of Sentence Pursuant Amendment 750. (Cr. Docket No. 1752.) On June 25, 2012, after several interlocutory proceedings, we issued an order granting the motion to reduce sentence. (Cr. Docket No. 1804.) López-Capó's imprisonment term was reduced from 360 to 292 months. (Id.) López-Capó now seeks relief under 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes. (Docket No. 3.)

## II.

### Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . 'state conclusions instead of facts, contradict the record, or are inherently incredible.'" Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993)); see 28 U.S.C. § 2255(b). A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982).

## III.

### Discussion

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94

Civil No. 13-1150 (JAF)                                                                                                          -3-

(2007).  Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

**A.      Ineffective Assistance of Counsel**

The success of an ineffective-assistance-of-counsel claim depends on Petitioner's showing not only a deficient performance by his trial counsel, but also a resulting prejudice. Peralta v. United States, 597 F.3d 74, 79 (1st Cir.2010).  Deficient performance is present where the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Id. (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  Choices made by counsel that could be considered part of trial strategy will almost never amount to deficient performance.  See Strickland, 466 U.S. at 690; see also Knight v. Spencer, 447 F.3d 6, 15 (1 st Cir.2006) (holding that performance is deficient only where "counsel's choice was so patently unreasonable that no competent attorney would have made it" (internal quotations omitted)). Counsel's decision not to pursue "futile tactics" is not considered deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1 st Cir.1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir.1990) (stating that failure to raise meritless claims is not ineffective assistance of counsel).  Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," and said probability is less onerous than a "more likely than not" standard. Id.

López-Capó claims that his counsel was ineffective because he failed "to properly advise his client of the consequences between entering the plea bargain or proceeding to

Civil No. 13-1150 (JAF) -4-

trial." (Docket No. 1-1 at X.) López-Capó does not contend that his trial attorney advised him to reject the government's plea offer, nor does he claim his lawyer failed to convey the terms of a formal plea offer. Instead, López-Capó asserts that counsel failed during the stages of plea negotiations because he failed "to approach the court and seek a Presentence Investigation Report be completed prior to pleading guilty. López-Capó states that such a report "would have resulted in a more open and honest process during the plea bargain negotiation." (Docket No. 1-1 at 14.)

The preparation and use of a presentence report is governed by 18 U.S.C. § 3552 and Fed. R. Crim. P. 32. The principal purpose of a presentence report is to assist the court in imposing a sentence and making recommendations for correctional treatment; under Rule 11(c)(3)(A), the court may also review a presentence report in order to determine whether to accept a plea agreement of the type specified in Rule 11(c)(1)(A) or (C). There is nothing in either the statute or the rules that authorizes the creation and use of a presentence report for any other purpose, such as facilitating a plea agreement. United States v. Alberti, 2007 WL 2908631 *3 (D. Mass. 2007). Prevailing professional norms do not require counsel to obtain a presentence report for the purpose of plea negotiating, and defendant's counsel could not have been constitutionally ineffective for failing to do so. As such, this claim fails.

**B.    Recency Points**

López-Capó's second claim alleges that since U.S.S.G. §4A1.1(e) has been retroactively amended, and the "recency" points eliminated, his correct criminal category is Two (II), not Three (III). Consequently, according to López-Capó, we relied on the wrong guideline sentencing range. (Docket No. 1-1 at 16-18.) The § 4A1.1(e) recency amendment was a matter raised at sentencing and ultimately it was settled on direct appeal. Diaz, 670 at

353. López-Capó is not entitled to re-litigate on collateral review issues raised and decided on direct appeal. Davis v. United States, 417 US 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir.1993) (issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. §2255 motion). As such, this claim fails.

**C.    Sentence Reduction Pursuant to U.S.S.G. Retroactive Amendment 750**

López-Capó claims that he is entitled to a sentence reduction pursuant to U.S.S.G. retroactive Amendment 750. (Docket No. 1-1 at 18-21.) However, López-Capó was awarded a substantial reduction of sentence pursuant to the retroactive application of U.S.S.G. Amendment 750. López-Capó's present request ignores the outcome of his prior motion for reduction of sentence, and is foreclosed by our prior order granting the reduction. (Cr. Docket No. 1752, 1804). As such, this claims fails.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

Civil No. 13-1150 (JAF)                                                                                     -6-

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules ahoGoverning § 2255 Proceedings, summary dismissal is in order, it plainly appearing from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 20th day of September, 2013.